NAN JIAO LIN, Petitioner,

v.

Eric H. HOLDER, Jr., U.S. Attorney General,[1] Respondent.

No. 08–4185–ag.

United States Court of Appeals, Second Circuit.

June 8, 2009.

Yee Ling Poon, New York, NY, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General, Aviva L. Poczter, Senior Litigation Counsel, Nehal H. Kamani, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JON O. NEWMAN and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Petitioner Nan Jiao Lin, a native and citizen of the People's Republic of China, seeks review of a July 30, 2008 order of the BIA affirming the April 12, 2007 decision of Immigration Judge ("IJ") Dorothy Harbeck, denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Nan Jiao Lin,* No. A097 333 979 (B.I.A. Jul. 30, 2008), *aff'g* No. A097 333 979 (Immig. Ct. N.Y. City Apr. 12, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision. *See Mei Chai Ye v. U.S. Dep't of Justice,* 489 F.3d 517, 523 (2d Cir.2007). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). For

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

asylum applications governed by the amendments made to the Immigration Nationality Act by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Matter of J-Y-C-*, 24 I. & N. Dec. 260, 265 (BIA 2007).

The agency's adverse credibility determination is supported by substantial evidence. The IJ identified several inconsistencies between Lin's testimony and the statements she made during her airport and credible fear interviews.[2] Such inconsistencies concerned whether she was married or single, and whether she had one child or two children. Lin argues that the IJ erred by failing to explain how these discrepancies because she failed to explain how they were relevant to the forced abortion claim. That argument is without merit. An "IJ may rely on *any* inconsistency or omission in making an adverse credibility determination." *See Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir.2008). In any event, these inconsistencies go to the very heart of Lin's family planning-based asylum claim, and no reasonable fact finder would be compelled to accept Lin's explanation that she was instructed by smugglers to lie. *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 n. 17 (2d Cir.2006) (indicating that the agency need not "expressly parse or refute on the record each and every one of [an applicant's] purported explanations for testimonial inconsistencies or evidentiary gaps").

Having already called Lin's credibility into question, the IJ properly concluded that she failed to rehabilitate her testimony with sufficient corroborating evidence. *See Xiao Ji Chen*, 471 F.3d at 341. Because she had lied under oath in both her credible fear and airport interviews, the IJ could, and did, refuse to credit the documents that Lin proffered. *See Rui Ying Lin v. Gonzales*, 445 F.3d 127, 133 (2d Cir.2006) (discussing the maxim of *falsus in uno, falsus in omnibus* (false in one thing, false in everything)). Thus, substantial evidence supports the IJ's adverse credibility finding.

Because the only evidence of a threat to Lin's life or freedom depended upon her credibility, the adverse credibility determination in this case necessarily precludes success on her claims for asylum and withholding of removal where both claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006). Finally, because Lin failed to challenge the agency's denial of her CAT claim, we deem any such argument waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

---

2. Lin does not challenge the reliability of the record of her airport and credible fear interviews. *Cf. Ramsameachire v. Ashcroft*, 357 F.3d 169, 179 (2d Cir.2004).